UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:18-cr-14056-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE ANTONIO MORALES,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
## AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS

This matter is before the Court upon Defendant's Motion to Suppress, DE 26, which the Court previously referred to the Honorable Shaniek M. Maynard for a Report and Recommendation, DE 27. Judge Maynard issued a Report and Recommendation on January 9, 2019, recommending that the Motion to Suppress be denied. *See* DE 37. Judge Maynard concluded that a *Franks* hearing was unwarranted on Defendant's attack of the affidavit supporting the warrant to search his residence because he did not make a substantial primary showing that the affiant deliberately or recklessly included false statements in the affidavit. *Id.* at 3-5. Judge Maynard held a limited hearing on the issue of whether the affiant intentionally or recklessly omitted information that teenagers often smoke marijuana in a vacant lot next to Defendant's residence, which could indicate that someone else placed marijuana in the trash can outside of Defendant's residence. *See id.* at 5-6. Judge Maynard subsequently concluded that the affiant did not make an intentional or reckless omission when the affiant testified that he was unaware that people use drugs in the vacant lot and when the marijuana found in the trash can was in large, closed plastic trash bags, indicating that the marijuana was not thrown in by a person walking past the trash can. *Id.* at 6-7.

Judge Maynard determined that the affidavit provided probable cause to support the issuance of a search warrant when two trash pulls on separate days revealed marijuana. *Id.* at 7-11. Judge

Maynard concluded that, even if the affidavit did not provide probable cause, the evidence discovered during the search was admissible because law enforcement relied in good faith on the issuing judge's probable-cause determination. *Id.* at 11-13. Finally, Judge Maynard determined that there was no *Miranda* violation when Defendant was not in custody when he made statements to law enforcement over the telephone and when he was advised of and waived his *Miranda* rights before he made in-person statements to law enforcement. *Id.* at 13.

Defendant filed objections to Judge Maynard's Report and Recommendation on January 14, 2019. DE 40. Defendant first objects that the affiant's omission of information that there was a vacant lot next to Defendant's residence was intentional or reckless when the affiant was aware that Defendant's neighborhood was known for narcotics activity and drug use. *Id.* at 1. However, even if the affiant was or should have been aware that there was drug activity in the area, the location of the marijuana in large, closed plastic trash bags indicated that it came from the residence and was not thrown in by a person walking past the trash can. *See* DE 37 at 6-7. The omission of information that there was a vacant lot next to Defendant's residence was not a Fourth Amendment violation. *See Madiwale v. Savaiko*, 117 F.3d 1321, 1326-27 (11th Cir. 1997) (stating that "a warrant affidavit violates the Fourth Amendment when it contains omissions made intentionally or with a reckless disregard for the accuracy of the affidavit" and that negligent or insignificant and immaterial omissions do not invalidate a warrant (quotation marks omitted)).

Defendant next objects that the affidavit did not provide probable cause to support the issuance of a search warrant because there is no indication that the trash in the trash can was from Defendant's residence. DE 40 at 2. According to the affidavit, the trash can was "placed to the northwest side of the property next to the roadway" and was "located adjacent to the roadway and was found to be specific to the target unit – located at the northwest portion of the property." DE 26 at 22. It was

2

reasonable for the judge evaluating the affidavit to conclude that the trash in a trash can that was "specific to" Defendant's residence came from that residence. *See United States v. Strauss*, 678 F.2d 886, 892 (11th Cir. 1982) (stating that probable cause exists when the facts within the judge's knowledge and of which he has reasonably trustworthy information would warrant a man of reasonable caution to believe that a crime was committed and that evidence is at the place to be searched); *see also Illinois v. Gates*, 462 U.S. 213, 231 (1983) (stating that probable cause involves probabilities and the practical considerations of everyday life and does not require technical precision).

Finally, Defendant objects that, if there was not probable cause to support the issuance of a search warrant, the good-faith exception does not apply because (1) "[t]he issuing State Judge was misled by information in the affidavit and from omissions that the affiant knew were false or would have known were false except for his reckless disregard of the truth," and (2) "the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." DE 40 at 2; *see United States v. Martin*, 297 F.3d 1308, 1313 (11th Cir. 2002) (explaining the good-faith exception and the limited circumstances in which it does not apply). The Court agrees with Judge Maynard's conclusion that there was probable cause to support the search warrant. However, even if probable cause was lacking, the Court agrees with Judge Maynard that the good-faith exception applies. First, as Judge Maynard concluded, the information in the affidavit that Defendant contends is false—that marijuana was found inside a plastic baggie during the first trash pull and that multiple plastic baggies were found during the second trash pull—is not shown to be false simply because there are no photographs of marijuana inside a plastic baggie or of multiple plastic baggies, and the Court has addressed above the purported omission from the affidavit. *See* DE 37 at 4-7, 12. Second, the affidavit is not so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable. The affidavit demonstrates that, on two separate days, law

3

enforcement found marijuana in a trash can that was "specific to" Defendant's residence. DE 26 at 22. The affidavit further demonstrates that, on one of those days, law enforcement also found "multiple cut vacuum sealed plastic bags, which is a common way drug traffickers transport narcotics," and a baggie with "the word 'Kush' written on it," which is "commonly used as a slang word to describe marijuana/cannabis." *Id.* The Court concludes that this is not one of the limited circumstances in which the good-faith exception does not apply.

The Court has conducted a *de novo* review of Judge Maynard's Report and Recommendation at DE 37, Defendant's objections at DE 40, and the record, and is otherwise fully advised in the premises. Upon review, the Court finds Judge Maynard's recommendations to be well reasoned and correct. The Court agrees with the analysis in the Report and Recommendation and concludes that the Defendant's Motion to Suppress should be denied.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Maynard's Report and Recommendation [DE 37] is **ADOPTED**.
2. Plaintiff's objections [DE 40] are **OVERRULED**.
3. Defendant's Motion to Suppress [DE 26] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of January, 2019.

                                                      ROBIN L. ROSENBERG
                                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record